IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY U. RANKIN**, | : | CIVIL ACTION NO. 1:08-CV-0131 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA**, et al., | : | |
| Respondent | : | |

**MEMORANDUM**

Larry U. Rankin ("Rankin"), an inmate presently confined at the York County Prison, York, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), which he has since amended (Doc. 5), challenging ongoing state criminal proceedings in the Court of Common Pleas of York County. The amended petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. GOVERNING § 2254 CASES R. 4.[1]

**I.   Background**

Rankin was arrested and charged in state court with drug related offenses on or about September 11, 2006. (Doc. 5, at 1.) Although the matter proceeded to trial

---

[1] Rule 4 of the Rules Governing § 2254 Habeas Corpus Cases provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

on March 5, 2007, a mistrial was declared on March 6, 2007.  (Doc. 2, at 2.)  A new trial has not been scheduled.  Three months after his mistrial, he was charged in federal court with, according to Rankin, the same charges that are pending against him in state court.  An electronic search of the United States District Court for the Middle District of Pennsylvania CM/ECF system confirms that Rankin has indeed been charged in federal court and is scheduled to proceed to trial in April 2008 in the matter of USA v. Usiku Larry Rankin, 1:07-cr-0221.  He was arraigned on the federal charges on June 19, 2007, and was ordered released.  USA v. Usiku Larry Rankin, 1:07-cr-0221, Doc. No. 8 (M.D. Pa. June 19, 2007.)  However, he remains in custody on the pending state court charges.  Presently pending in the state court is his "petition to dismiss for lack of speedy trial."  (Doc. 5, at 13-15.)  It is his contention that because the federal and state charges are the same, and he has not been re-tried in state court, the state charges should be dismissed and he should be released.  (Doc. 5, at 2.)

**II.    Discussion**

The doctrine of abstention which has developed since Younger v. Harris, 401 U.S. 37 (1971), "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system."  Evans v. Court of Common Pleas,

Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992).  Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.  Id.

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  All three criteria are met here.  First, Rankin's claim concerns an ongoing criminal case pending in the Commonwealth of Pennsylvania.  Second, based upon the fact that he is seeking to dismiss the charges for lack of a speedy trial, this proceeding clearly implicates important state interests.  Third, the pendency of the petition to dismiss for failure to bring him to trial within the time frame set forth in PA. R. CRIM. P. 600 demonstrates that he has an adequate opportunity to raise any federal issues in the state forum.  This court may assume that the state procedures will afford an adequate remedy.[2]  See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir.1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must

---

[2]Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," Younger, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," id., at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief."  Id. at 54.  The exceptions are to be narrowly construed.  Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).  Rankin has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

presume that the state courts are able to protect the interests of the federal plaintiff.")

## III. Conclusion

Under the present circumstances, the court concludes that it is appropriate to abstain from entertaining the petition. Accordingly, the petition will be dismissed without prejudice.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of

reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

                                           S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge

Dated:       February 11, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY U. RANKIN**, | : CIVIL ACTION NO. 1:08-CV-0131 |
| **Petitioner** | : (Judge Conner) |
| v. | : |
| **COMMONWEALTH OF PENNSYLVANIA**, et al., | : |
| **Respondent** | : |

## **ORDER**

AND NOW, this 11th day of February, 2008, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice.

2. A certificate of appealability is DENIED. 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to NOTIFY petitioner. See R. GOVERNING § 2254 CASES R. 4.

4. The Clerk of Court is further directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge